UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SHERWOOD L. STARR, : CASE NO. 1:15-CV-124
:
       Plaintiff, :
:
vs. : OPINION & ORDER
:
JUDGE MARY KAYE BOZZA, *et al*., :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Introduction and Background**

*Pro se* Plaintiff Sherwood L. Starr filed this civil rights action under 42 U.S.C. § 1983 against Lyndhurst Municipal Court Judge Mary Kaye Bozza, the City of Lyndhurst, the Lyndhurst Chief of Police, and the Lyndhurst Municipal Prosecutor.

The Plaintiff alleges Judge Bozza used anti-gender epithets and disclosed personal medical information about him during a municipal court hearing in November 2014. He alleges the Police Chief and Prosecutor then allegedly falsely arrested and maliciously prosecuted him for his conduct toward the Judge during the hearing to cover up for the Judge's discriminatory conduct. He alleges a criminal case was brought against him in the Cuyahoga County Court of Common Pleas as a result of the false charges. The Plaintiff seeks monetary damages and other relief against the defendants for purported violations of his constitutional rights.

After the Plaintiff filed his original complaint, he filed an amended complaint and a

motion to stay the action pending a determination in case he filed in the Ohio Court of Claims. (Doc. No. 4.) The Court does not find a stay appropriate as the action is subject to summary dismissal for the reasons stated below.

## Discussion

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915A to dismiss, as soon as practicable after docketing, any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The Plaintiff's action against Judge Bozza and the Lyndhurst Prosecutor must be summarily dismissed on the basis of immunity. It is well-settled that judges generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). This far-reaching protection is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute immunity may be overcome in only two situations: for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and actions taken in complete absence of all jurisdiction. *Id.* at 1115-1116. An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. A judge acts in the clear absence of all jurisdiction if the matter upon which she acts is clearly outside the subject matter

jurisdiction of the court over which she presides. *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985).

The Plaintiff's allegations do not suggest that Judge Bozza's alleged actions were taken in a non-judicial capacity, or in the complete absence of all jurisdiction. To the contrary, all of the actions of Judge Bozza of which the Plaintiff complains were taken by the Judge in her official judicial capacity, during a court hearing. Accordingly, Judge Bozza is immune from the Plaintiff's suit.

A prosecutor is entitled to "absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). A prosecutor is absolutely immune for activities "in initiating a prosecution and in presenting the State's case." *Id*. at 431. The conduct of the Lyndhurst Prosecutor of which the Plaintiff complains is conduct falling within the scope of the Prosecutor's prosecutorial duties, *i.e*., the Plaintiff challenges the Prosecutor's conduct in initiating and pursuing criminal charges against him in connection with his conduct at the municipal court hearing. The Prosecutor is immune.

The Plaintiff's action against the remaining defendants fails to state a claim on which relief may be granted. The Plaintiff's alleged basis for his claims against the City and Police Chief is that the Police Chief and Prosecutor falsely arrested and maliciously prosecuted him for his conduct. However, the Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." The *Heck* Court held that a plaintiff may not maintain a claim of malicious prosecution – or any other action where a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction – under § 1983, unless the plaintiff demonstrates that the prior criminal proceeding against him terminated in his favor. *See id.* at 484, 487.

A judgment in the Plaintiff's favor on his claims of false arrest and malicious prosecution would necessarily imply the invalidity of any conviction that resulted, but nothing in the Plaintiff's pleading suggests that any criminal proceeding brought against him for his conduct at the municipal court hearing terminated in his favor. Accordingly, the Plaintiff has failed to allege a cognizable claim under § 1983.

## Conclusion

For all of the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915A, and the Plaintiff's motion to stay the case is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be take in good faith.

IT IS SO ORDERED.


Dated: July 6, 2015            *s/            James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE